REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California  94111
Telephone:	(415) 989-4100
Fax:	(415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
PAUL MANSDORF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL A. WITHERS<br><br>SS # xxx xx 2453<br><br><br>Debtor | Case No.  06-42098 TM<br><br>Chapter 7<br><br>Date:<br>Time:<br>Place: 1300 Clay Street, #201<br>Oakland, CA |

**EX PARTE MOTION FOR ISSUANCE
OF ORDER TO SHOW CAUSE RE: CONTEMPT OF COURT AND DIRECTING
THE U.S. MARSHALL  TO BRING THE DEBTOR IN FOR EXAMINATION**

TO THE HONORABLE LESLIE TCHAIKOVSKY, UNITED STATES BANKRUPTCY

JUDGE:

COMES NOW, Paul Mansdorf ("Trustee"), trustee of the above bankruptcy estate, and requests an Order To Show Cause Re: Contempt of Court.  In support thereof, the Trustee represents as follows:

1.	An Order for relief under Chapter 7 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on November 6, 2006, and Paul Mansdorf is the duly appointed, qualified and acting trustee of the Debtor's estate.

2.	The Debtor has failed to file the Schedules and Statement of Affairs in the above case. However, upon examination by the Trustee of the files and records in the case, and examination of other sources, the Trustee had determined that the Debtor is the owner of three

pieces of property, two of which are multiplexes with tenants.

3. The documents relating to the assets and liabilities, and the rents collected by the Debtor, are documents and funds that the Debtor has a duty to turn over under his general duty to cooperate with the Trustee, see §521; and the rents are funds of the estate that the Debtor has a duty to account for and turn over under §542.

2. The Trustee obtained an order directing the Debtor to account for and turn over funds and records on January 19, 2007.

3 Among the assets of the Debtors' estate is an interest in the real property commonly known as 432 Lagunitas Avenue, Oakland, CA (the "Property"), and the Trustee has obtained an order employing a real estate broker to market the Property. The bankruptcy case was filed on the eve of a foreclosure sale of the Property, and the title report for the Property also shows that the Debtor has failed to pay the real property taxes for the Property for several years. Nevertheless, the Trustee believes that there may still be equity in the Property. See Declaration of Paul Mansdorf ("Mansdorf Declaration"), filed herewith.

4. The Trustee discovered the Debtor's ownership interest in this Property because the lender filed a motion for relief from stay, which motion reflects that the Debtor is not paying the mortgage for the Property. See Mansdorf Declaration.

5. The Debtor has failed to account for any funds collected post petition, has failed to turn over any records, and has called the Trustee and his counsel threatening harm, and to "stay away from my properties, or else". During the telephone conversation, the Debtor was reminded that he had a duty to cooperate with the Trustee and a duty to turn over the money and documents sought. The Debtor, who appears in pro per in this case, was audibly prompted by a person in the background and stated that he had dismissed his bankruptcy case, and no one was to interfere with his properties. See Declaration of Reidun Strømsheim, ("Stromsheim Declaration") filed herewith.

6. The Debtor's failure to cooperate with the Trustee has made the real estate broker unable to enter on to the premises of the Property and move forward with the sales efforts, which could result in a foreclosure of the Property and loss of a significant asset.

7. The Debtor has failed to appear at any of the duly noticed hearings for the Meeting

of Creditors, see Mansdorf Declaration.

WHEREFORE, the Trustee respectfully requests this Court to issue an Order as follows:

1. Requiring Michael A. Withers, to appear in this Court and show cause why he should not be held in contempt of this Court for his failure to comply with the Order directing him to account for and turn over funds and documents with information about the Debtor's assets and liabilities, as well as for threatening the Trustee in his duties to liquidate the assets of the estate;

2. Requiring Michael A. Withers to reimburse this estate for the fees and costs incurred by the Trustee in pursuit of this application;

3. Directing the U.S. Marshall to seize Michael A. Withers and bring him in to the hearing on the Order to Show Cause and submit himself to examination; and

4. For such other and further relief as the court may deem appropriate.

DATED: This 31st day of January, 2007.

                                            STROMSHEIM & ASSOCIATES

                                            /S/    Reidun Strømsheim
Attorneys for
PAUL MANSDORF, Trustee