**Signed: January 31, 2007**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 06-42098 TM
                                                   Chapter 7
MICHAEL A. WITHERS,

                 Debtor.
_____/

### MEMORANDUM AND ORDER TO SHOW CAUSE

The above-captioned debtor (the "Debtor") filed a voluntary petition seeking relief under chapter 7 case of the Bankruptcy Code on November 6, 2006. He failed to file a certificate indicating that he received pre-petition credit counseling as required by 11 U.S.C. § 109. He did file a motion seeking a temporary waiver of the credit counseling requirement. In the motion, he stated that on October 5, 2006 he had completed and passed an approved credit counseling agency's pre-filing test online. Thereafter, he called the agency's offices but had not, as of the filing date, received a return call. The Debtor stated that he would obtain counseling within 30 days if granted the temporary waiver.

This motion was not scheduled for hearing or otherwise brought to the court's attention. If the motion had been granted, the waiver

would have expired on December 6, 2006. To date, the Debtor has not filed a certificate indicated that he has received credit counseling. Thus, pursuant to 11 U.S.C. § 109(h), the Debtor is not eligible to be a debtor. In addition, the Debtor has not appeared at a meeting of creditors or filed Schedules of Assets and Liabilities or a Statement of Financial Affairs. He has indicated to the Trustee that he would like the case dismissed.

However, on November 30, 2006, the chapter 7 trustee (the "Trustee") filed an objection to dismissal of the case. The objection stated that the Trustee had determined that the Debtor owns real property that may have equity capable of being liquidated so as to make a distribution to creditors and that the bankruptcy was filed to delay a foreclosure on one of these properties. The secured creditor seeking foreclosure had filed a motion for relief from the automatic stay but the Trustee had obtained the secured creditor's agreement to delay the hearing on the motion.

The Trustee contended that the requirement that the Debtor file a credit counseling certificate is not jurisdictional and may be waived, citing In re Parker, 351 B.R. 790 (Bankr. N.D. Ga. 2006). The Trustee contended that the Debtor waived the right to require the case to be dismissed by filing the case and requesting a temporary waiver of the credit counseling requirement. In support of his contention that eligibility requirements are not jurisdictional and are waivable, he also cited In re Marlar,432 F.3d 813, 815 (8th Cir. 2005 and In re Benny, 842 F.2d 1147 (9th Cir. 1988).

2

In the mean time, the Trustee applied for and obtained an order directing the Debtor to turn over various documents relating to his real property and to account for any rents collected. The issues relating to eligibility were not known to the Court at the time this order was issued. The Debtor has failed to comply with this order, and the Trustee is now seeking an order to show cause why the Debtor should not be held in contempt and directing the United States Marshalls to arrest the Debtor and bring him before the Court to be examined. The Court concludes that the issue concerning whether the credit counseling requirement may be and has been waived should be determined before the Court issues any such order.

Good cause appearing therefor, it is hereby

ORDERED that the Trustee and the Debtor appear before the Court on February 15, 2007 at 9:00 a.m. to show cause, if any there be, why the case should not be dismissed and, if not, why the Debtor should not be held in contempt of the Court's prior order. Any evidence or legal authority that the parties wish to present to the Court in connection with this issue must be filed no later than February 8, 2007; and it is further

ORDERED that the Trustee's application for an order directing the United States Marshalls to arrest the Debtor and to bring him before the Court to be examined is denied without prejudice.

END OF DOCUMENT

3

COURT SERVICE LIST

Michael A. Withers
2 Moss Ave.
Oakland, CA 94601

Reidun Stromsheim
Stromsheim & Associates
201 California St., Ste. 350
San Francisco, CA 94111

4