**Signed: February 26, 2007**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                         No. 06-42098 TM
                                              Chapter 7
MICHAEL A. WITHERS,

        Debtor.
_____/

**MEMORANDUM OF DECISION RE APPLICATION FOR
ORDER TO SHOW CAUSE AND RELATED ISSUES**

On January 31, 2007, Paul Mansdorf, the duly appointed chapter 7 trustee in the above-captioned case, (the "Trustee") filed an ex parte motion (the "Motion") for an order to show cause why the above-captioned debtor (the "Debtor") should not be held in contempt and directing the United States Marshals (the "Marshals") to apprehend the Debtor and bring him to the hearing to be examined. The Motion represented that the Trustee had discovered that the Debtor owns three pieces of real property, two of which appear to be generating rents. It represented further that on January 19, 2007 the Trustee had obtained an order directing the Debtor to turn over to the Trustee and account for the rents collected and had also obtained Court approval for the employment of a real estate broker to sell one

of the pieces of real property which is subject to an imminent foreclosure sale.  The Trustee represented that the Debtor has failed to comply with the court order and has threatened the Trustee and his counsel with physical harm if they did not cease their efforts to collect and/or sell the property in question.  He asked the Court to issue an order to show cause why the Debtor should not be held in contempt as a result of this conduct, scheduling a hearing on the order, and to direct the Marshals to seize the Debtor and bring him to the hearing to be examined.  The Court denied the Motion without prejudice on January 31, 2007, having concluded that it should first decide the threshold issues of whether the case had to be dismissed or already had been automatically dismissed.

Those issues have now been fully briefed.  As discussed below, the Court concludes that the Debtor's failure to obtain credit counseling does not give him the right to dismissal of the case and that, by excusing the Debtor from filing the documents required by 11 U.S.C. § 521(a)(1)(B), the Court may prevent the automatic dismissal of the case.  The Trustee is directed to submit a proposed form of order to this effect.  The Court will schedule a hearing on the order to show cause for May 7, 2007 at 10:30 a.m. and will direct the Marshals to apprehend the Debtor and bring him to the hearing for examination.  The Court directs the Trustee to ask the Marshals to review the proposed order as to form before submitting it to the Court to ensure that it is sufficiently specific to permit them to discharge their duties.  The continued hearing previously scheduled for March 8, 2007 at 3:00 p.m. is hereby vacated.

2

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

Michael A. Withers (the "Debtor") filed a petition seeking relief under chapter 7 of the Bankruptcy Code and a list of creditors on November 6, 2006. To date, more than 45 days after the petition date, he has not filed a schedule of assets and liabilities or a statement of financial affairs (collectively referred to hereinafter as the "Schedules") or a certificate of pre- or post-petition credit counseling nor has he attended a meeting of creditors.

In his application for a temporary waiver of the pre-petition credit counseling requirement, the Debtor represented to the Court that he filed the bankruptcy petition to stop an imminent foreclosure on his real property. At a later date, he apparently decided that he did not wish to be in chapter 7. In late December 2006 or early January 2007, he sent a letter to the Court, requesting that his case be dismissed. He was informed by letter that his request was denied without prejudice for lack of notice to creditors. He has never renewed the request.

The Trustee urges the Court not to dismiss the case. He represents that the Debtor owns real property with unencumbered nonexempt equity of approximately $200,000. He contends that the requirement that a chapter 7 debtor obtain credit counseling is not jurisdictional and thus may be waived. He contend that, by filing a voluntary petition, the Debtor waived any right to require dismissal of the case based on his failure to comply with this eligibility requirement. He also contends that the Court has the discretion to decline to dismiss a chapter 7 case in which documents required by 11

3

U.S.C. § 521(a)(1) have not been filed within 45 days of the petition date, notwithstanding the statutory provision making dismissal automatic under these circumstances.

## DISCUSSION

### A. CREDIT COUNSELING REQUIREMENT

Section 109(h)(1) provides that, as a general rule, an individual may not be a bankruptcy debtor unless the individual has received credit counseling from an approved agency within 180 days before filing the petition.[1] The question presented in this case is whether a debtor whose failure to obtain credit counseling may under all circumstances insist that his case be dismissed. The Trustee contends that he may not, and the Court agrees.

The Trustee relies principally on In re Parker, 351 B.R. 790 (Bankr. N.D. Ga. 2006). In Parker, the debtor received pre-petition counseling but not from an approved agency. He filed a motion to extend the time to receive post-petition counseling from an approved agency but then failed to obtain the counseling. When the trustee attempted to sell an asset the debtor wished to retain, the debtor demanded that his case be dismissed. The Parker court declined to dismiss it.

The Parker court began by observing that the eligibility requirements set forth in 11 U.S.C. § 109 are not jurisdictional. The bankruptcy court's jurisdiction is governed by 28 U.S.C. §§ 1334 and 157. Id. at 796. It then concluded that, by accepting the

---

[1] Sections 109(h)(2), (3), and (4) provide exceptions to this general rule not applicable here.

4

benefits of his bankruptcy until it no longer suited his purposes, the debtor waived the right to insist on dismissal based on lack of eligibility. Alternatively, it concluded, he should be judicially estopped from seeking dismissal on this ground. Id. at 797-99.[2]

Among other things, the Parker court relied on In re Marlar, 432 F.3d 813 (8th Cir. 2005). In Marlar, a bankruptcy was commenced improperly by the filing of an involuntary petition against an individual who met the statutory definition of a farmer. Five years later, the debtor attempted to use this defect to compel dismissal of the case. The court concluded that the debtor's status as a farmer was an affirmative defense to the involuntary petition which the debtor waived by failing to raise it at the time the petition was filed. Id. at 815.

The Trustee also cites in support of his position In re Benny, 842 F.2d 1147 (9th Cir. 1988). In Benny, creditors filed an involuntary joint chapter 7 petition against Mr. and Mrs. Benny despite the fact that involuntary petitions may only be filed against a single person. Years later, Mrs. Benny attempted to use this defect to compel dismissal of the case. Unlike the Parker court, the Benny court held that the defect was jurisdictional and could not be

---

[2] Some courts have gone further by concluding that, because 11 U.S.C. § 109(h) does not specify a remedy for lack of eligibility, dismissal of the case of an ineligible debtor is in the court's discretion. See, e.g., In re Manalad, ___ B.R. ___, 2007 WL 247181 (Bankr. C.D. Cal.)

5

waived nor could the debtor be judicially estopped from raising the defect years later.[3]

The Court does not find <u>Benny</u> helpful to the Trustee's position. However, it also concludes that <u>Benny</u> is distinguishable since it did not involve an eligibility defect. The Court agrees with the <u>Parker</u> court that the eligibility requirement of 11 U.S.C. § 109(h) is not jurisdictional and thus is subject to the doctrine of waiver and estoppel. The Court finds somewhat strained the application of the waiver doctrine to facts such as these. However, the Court agrees with the <u>Parker</u> court that a debtor who files a voluntary petition and seeks the protections of a bankruptcy case is judicially estopped from requiring his case to be dismissed based on a lack of eligibility under 11 U.S.C. § 109(h). Any other result would impugn the integrity of the judicial process, permitting a dishonest debtor to manipulate the system.

**B. AUTOMATIC DISMISSAL**

Section 521(a)(1)(B) provides that a debtor is required to file certain documents, including the Schedules, unless otherwise ordered by the Court. Section 521(i)(1) states that, subject to paragraphs (2) and (4), if a debtor fails to file all of the information required by section 521(a)(1), "the case shall be automatically dismissed effective on the 46th day after the filing of the petition." Paragraph (2) requires the Court to enter an order dismissing the

---

[3] However, the <u>Benny</u> court concluded that, by filing a joint motion to convert the chapter 7 case to chapter 11, the Bennys cured the jurisdictional defect, turning it into a voluntary proceeding.

6

case upon the request of a party in interest within five days of the request.

Paragraph (4) provides the Court with a basis to decline to dismiss the case for failure to file the required documents under certain circumstances. However, the facts of this case do not provide the Court will a basis to decline to dismiss the case. Section 523(i)(4) provides, in pertinent part, that:

> ...on the motion of the trustee filed before the expiration of the applicable period of time..., after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv)[i.e., payment advices for the 60 days preceding the bankruptcy filing] and that the best interests of creditors would be served by administration of the case.

11 U.S.C. § 521(i). The Court is unable to find that the Debtor attempted in good faith to file his payment advices.

An individual who files a chapter 13 petition has the right to dismiss the case at any time. However, traditionally, an individual who files a chapter 7 petition must file a noticed motion to dismiss the case, and his motion may be denied. Construing 11 U.S.C. § 521(a)(1)(B) and (i) to give a chapter 7 debtor the absolute right to cause the automatic dismissal of the case 45 days after it is filed would represent a dramatic change in the law and would open the door to abuse.

The Parker court was also confronted with this issue. It concluded that the automatic dismissal could be avoided simply by excusing the debtor from filing the required documents. As noted

7

above, 11 U.S.C. § 521(a)(1)(B) provides that a debtor must file the enumerated documents unless otherwise ordered by the court. The only document that the court may not excuse the debtor from filing is the list of creditors. However, the Debtor has filed a list of creditors. Therefore, the Court will excuse the Debtor from filing the documents listed in 11 U.S.C. § 521(a)(1)(B). As a result, the case will not be automatically dismissed.[4] If the Debtor wishes the Court to consider dismissing the case, he may file a noticed motion seeking such relief.

**CONCLUSION**

The Court concludes that the eligibility requirement of 11 U.S.C. § 109(h) is not jurisdictional and that the Debtor is judicially estopped from demanding that the case be dismissed based on his failure to obtain credit counseling. The Court also concludes that it has the power to excuse the Debtor from filing the documents specified by 11 U.S.C. § 521(a)(1)(B) and will do so in order that the case not be deemed automatically dismissed as of the 46th day after the filing date. Finally, as noted above, the Court will sign a proposed order to show cause submitted by the Trustee after it is approved as to form by the Marshals.

END OF DOCUMENT

---

[4] As noted by the Parker court, there is no requirement that the order excusing the debtor from filing the documents be entered prior to the expiration of the 45 day period.

8

COURT SERVICE LIST

Michael A. Withers
2 Moss Ave
Oakland, CA 94610

Reidun Stromsheim
Law Offices of Stromsheim and Assoc.
201 California St. #350
San Francisco, CA 94111

Paul Mansdorf
1563 Solano Ave. #703
Berkeley, CA 94707